IN THE UNITED STATES DISTRICT COURT,
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NADA VINSON,

    Plaintiff,

CASE NO.:

3:11-cv-817-J-34-JRK

vs.

MARK HUNTER, Sheriff of Columbia County
in his official capacity; and Deputies ZACK
PARKS, and JOHN JEWETT
in their individual capacities,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, NADA VINSON, ("Plaintiff") by and through his undersigned counsel, sues Defendants, MARK HUNTER, as Sheriff of Columbia County in his official capacity, and Deputies ZACK PARKS and JOHN JEWETT, in their personal capacities, and states:

### CAUSE OF ACTION

1.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, § 768.28 of the Florida Statutes and for violation of the State of Florida Constitution, Article I, §§ 2, 9 and 12.

## JURISDICTIONAL VENUE

2. This court has jurisdiction of this action under 42 U.S.C. § 1983 and its pendent jurisdiction for State law claims.

3. This is an action for damages in excess of $75,000, exclusive of interest, costs and attorney's fees.

4. All actions took place within the Middle District of Florida and venue is proper within the Middle District of Florida.

## PARTIES

5. Plaintiff, an individual, is, and at all times relevant continues to be, a resident of Columbia County, Florida.

6. At all times referenced herein, BILL GOATEE was the Sheriff of Columbia County, including at the time of the arrest ("Sheriff").

7. At the time of this incident, Defendant SHERIFF was responsible for the training, supervision and conduct of his officers as set forth below.

8. MARK HUNTER is the successor in interest of BILL GOATEE, as the present duly elected Sheriff of Columbia County, Florida.

9. This case is being filed against the Sheriff of Columbia County in his official capacity.

10. The Plaintiff sues Deputy ZACK PARKS and JOHN JEWETT in their individual capacities.

11. At all times referenced herein, the SHERIFF and Deputies PARKS and JEWETT were acting under the color of the law, statute, ordinances, regulations, policies, customs, and usages of the United States of America, State of Florida, and the County of Columbia, Florida.

12. The incident giving rise to the suit occurred in Columbia County, Florida, on or about August 17, 2007.

## GENERAL ALLEGATIONS

13. On or about August 17, 2007, Plaintiff was arrested and jailed in Columbia County on charges of Principal to Attempted Murder and Conspiracy to Commit Murder issued by the Columbia County Sheriff's Office arising from an incident on February 4, 2005. Prosecution concluded on April 14, 2008 when the case was dismissed by the Circuit Court.

14. On or about February 4, 2005, Plaintiff was at her home when her husband suffered a mental health crisis.

15. Plaintiff called her husband's psychiatrist, Dr. Bordini, for assistance in calming her husband.

16. Dr. Bordini called Columbia County Sheriff's Office to request a well being check on Plaintiff and her husband.

17. Witness Troy Blackford, a neighbor, testified that he saw Plaintiff pleading with her husband to stop and fell to the ground begging God for her husband to stop his erratic behavior.

3

18. Plaintiff's husband shot a high powered rifle at Columbia County squad cars as they approached. He was arrested and later found Not Guilty by Reason of Insanity pursuant to a stipulated agreement with the State.

19. Plaintiff was later arrested and charged as described above upon the theory that she lured law enforcement to her residence so that her husband could shoot them.

20. Defendant PARKS testified that Plaintiff had called Columbia County Sheriff's Office when in fact she had not.

21. Defendant JEWETT swore an affidavit for the above charges on Plaintiff on August 6, 2007 that stated that "DEF TOLD CCSO DISPATCH THOMAS VINSON HAD LEFT THE RESIDENCE. THIS LURED THE DEPUTIES DOWN THE ROAD TO THE POINT WHERE THOMAS VINSON AMBUSHED THEM." That affidavit is false. Plaintiff did not contact CCSO dispatch or any law enforcement, only her husband's doctor.

23. On July 22, 2007 Columbia County Sheriff's Office came in to possession, by confidential source, of a digital recording of Plaintiff's husband talking about guns, armor penetration, body armor, and escape plans. The date of the recording was unknown and all the people in the conversation were not identified. Plaintiff was identified as being in the background intermittently unsupportive of her husband's statements as she entered and left the room doing chores, but not participating in the conversation by Richard Lent, a witness who was present at the recording.

4

24. When a Columbia County Deputy played the tape for neighbor and witness Diane Wolford, she tells the Deputy that she cannot identify any words from Plaintiff on the tape, only Plaintiff's husband, Thomas Vinson.

25. Ms. Wolford testified that the unidentified Deputy instructed her that the other voices were Plaintiff and Richard Lent and that he was going to "put away" Tom and Nada Vinson and that she "won't be bothered" with Plaintiff and her husband anymore. Ms. Wolford testified that the deputy "was really smug" despite her inability to identify the other voices.

26. Plaintiff's husband's mental illness manifested, among other symptoms, paranoia and interest in recording his conversations.

27. Despite being innocent of any crime and Columbia County Sheriff's Office's knowledge of Plaintiff's innocence, Plaintiff was then arrested and taken to jail pursuant to a misleading affidavit filed by Deputy JEWETT for Conspiracy to Commit Murder in violation of Fla. Stat. §774.03 and Principal to Attempted Murder in violation of Fla. Stat. § 782.04.

28. There existed no probable cause or arguable probable cause for the arrest of Plaintiff.

29. On April 14, 2008 the Court that had jurisdiction over the criminal case ruled criminal charges against Plaintiff dismissed pursuant to a Motion to Dismiss upon Rule 3.190(c)(4) *Florida Rules of Criminal Procedure* finding that the undisputed facts did not constitute a crime. *See*, Order on Motion to Dismiss, attached as Exhibit A.

30. The Columbia County Sheriff failed to supervise his deputies to the extent that they would not conduct competent investigations and would arrest innocent persons without probable cause.

31. The Columbia County Sheriff failed to take corrective action against PARKS or JEWETT, thereby ratifying their actions that resulted in this false arrest.

32. The Plaintiff is entitled to recover costs including attorney's fees in this action.

## COUNT I
## VIOLATION OF CIVIL RIGHTS BY PARKS

33. The Plaintiff incorporates paragraph 1 through 32 above as if fully set forth herein.

34. As a direct and proximate result of the false arrest and imprisonment of the Plaintiff without probable cause, committed by Defendant Deputy PARKS under color of law and under his authority as Deputy for the Columbia County Sheriff's Office, the Plaintiff suffered grievous bodily harm, was deprived of her freedom and deprived of her right to be secure in her person against unreasonable seizures of her person in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

35. As a direct and proximate result of the conduct of Defendant Deputy PARKS as set forth above, the Plaintiff suffered economic injuries, pain and suffering, embarrassment, humiliation, and loss of the capacity for the enjoyment of life.

36. The acts of Deputy PARKS were reckless, willful, malicious, intentional and oppressive.

WHEREFORE, Plaintiff, NADA VINSON, respectfully requests judgment for compensatory damages, punitive damages and costs of suit including the Plaintiff's attorney's fees in this case, and for other such relief as the Court deems proper.

## COUNT II
## VIOLATION OF CIVIL RIGHTS BY JEWETT

37. The Plaintiff incorporates paragraph 1 through 32 above as if fully set forth herein.

38. As a direct and proximate result of the false arrest and imprisonment of the Plaintiff without probable cause, committed by Defendant Deputy JEWETT under color of law and under his authority as Deputy for the Columbia County Sheriff's Office, the Plaintiff suffered grievous bodily harm, was deprived of her freedom and deprived of her right to be secure in her person against unreasonable seizures of her person in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

39. As a direct and proximate result of the conduct of Defendant Deputy JEWETT as set forth above, the Plaintiff suffered economic injuries, pain and suffering, embarrassment, humiliation, and loss of the capacity for the enjoyment of life.

40. The acts of Deputy JEWETT were reckless, willful, malicious, intentional and oppressive.

WHEREFORE, Plaintiff, NADA VINSON, respectfully requests judgment for compensatory damages, punitive damages and costs of suit including the Plaintiff's attorney's fees in this case, and for other such relief as the Court deems proper.

### COUNT III
### VIOLATION OF CIVIL RIGHTS AS TO Columbia COUNTY SHERIFF

41. The Plaintiff incorporates paragraph 1 through 32 above as if fully set forth herein.

42. As a direct and proximate result of the failure of the Columbia County Sheriff's Department to institute policies and procedures to ensure against the unlawful arrest of innocent persons, Defendant SHERIFF falsely caused or contributed to the false arrest of the Plaintiff under the color of law and under his authority as Sheriff in and for Columbia County, Florida.

43. The Plaintiff has suffered grievous bodily harm and was deprived of her right to be secure in her person and against unreasonable seizure of her person in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

44. The SHERIFF has no policy regarding investigating or remediating Deputies who arrest citizens without probable cause.

45. After this incident occurred, the SHERIFF failed to conduct any competent investigation, failed to order remedial training, failed to discipline, reprimand or take any

corrective action and, therefore, condoned the unlawful and outrageous actions of Deputies PARKS and JEWETT.

WHEREFORE, Plaintiff, NADA VINSON, respectfully requests judgment for compensatory damages, and costs of suit including the Plaintiff's attorney's fees in this case and for other such relief as the Court deems proper.

## COUNT III
## STATE LAW CLAIM FOR FALSE ARREST
## AND FALSE IMPRISONMENT AGAINST THE SHERIFF

46. The Plaintiff incorporates paragraph 1 through 32 above as if fully set forth herein.

47. The above-referenced false arrest by JEWETT and PARKS against Plaintiff occurred while acting in the course and scope of their employment as Deputy Sheriffs in Columbia County.

48. The facts available to law enforcement before the Plaintiff's arrest show that the Plaintiff was not committing any crime, had not committed any crime and was not about to commit any crime.

49. Prior to the arrest, Deputy JEWETT failed to conduct a competent investigation or establish probable cause to arrest the Plaintiff. A competent investigation would have revealed that there was no probable cause to arrest the Plaintiff and that she was completely innocent of the charges filed against her by Deputy JEWETT.

50. Upon competent investigation after the Plaintiff's arrest, the undisputed facts showed that the Plaintiff did not commit a crime.

51. As a direct and proximate result of the false arrest, the Plaintiff has suffered economic losses, pain and suffering, humiliation, and these damages will continue into the future.

WHEREFORE, Plaintiff, NADA VINSON, respectfully requests judgment for compensatory damages, and costs of suit including the Plaintiff's attorney's fees in this case, and for other such relief as the Court deems proper.

Dated this 15 day of August, 2011.

Respectfully Submitted,

RUSH & GLASSMAN

_____
ROBERT A. RUSH
Florida Bar #0559512
RUSH & GLASSMAN
11 S.E. Second Avenue
Gainesville, FL 32601
Tel: (352) 373-7566
Fax: (352) 376-7760
Attorneys for Plaintiff

IN THE COUNTY COURT OF THE
THIRD JUDICIAL CIRCUIT IN AND
FOR COLUMBIA COUNTY, FLORIDA.

STATE OF FLORIDA            CASE NO.: 07-713CF

vs.

NADA VINSON,
     Defendant.
_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE, having come to be heard on the Defendant's Motion to Dismiss and the State offering no traverse or demurrer, it is hereby ORDERED AND ADJUDGED that Defendant's Motion to Dismiss is **GRANTED**: All charges in the above styled matter against Defendant are hereby dismissed.

DONE AND ORDERED this 14th Day of April, 2008, in Lake City, Columbia County, Florida.

_____
Hon. Paul S. Bryan, Circuit Court Judge

COPIES TO:

Office of the Public Defender
Office of the State Attorney
Wainwright Judicial Services
Nada Vinson, c/o Office of the Public Defender
Sent this____day of_____, 2008. Person Sending Copies:_____

14th April

EXHIBIT "A"